IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH  DIVISION

JOHN EDWARD MILLER                                                                PLAINTIFF

v.                                           Case No. 2:11-CV-02129

KEVIN R. DUGAN; JERROD WAYNE
SCOTT; and CITY OF BARLING                                              DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Currently before the Court are Plaintiff John Edward Miller's Motion for Assessment of Attorney's Fees, Expenses, and "Upward Adjustment" of Fees and Brief in Support Thereof (Doc. 39), Defendants' Response (Doc. 41), Plaintiff's Reply (Doc.42), and Defendants' Sur-Reply (Doc. 43).[1]  For the reasons set forth below, Plaintiff's Motion for Assessment of Attorney's Fees, Expenses, and "Upward Adjustment" of Fees is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Plaintiff brought this action under 42 U.S.C. § 1983 of the Federal Civil Rights Act, alleging Defendants violated his rights under the First and Fourth Amendments to the Constitution and asserting various state law tort claims.   On December 17, 2012, Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment (Doc. 37).  Accordingly, the Clerk entered Judgment (Doc. 38)  in favor of Plaintiff and against Defendants jointly in the amount of $40,000, plus costs and attorney's fees.  Plaintiff then moved for an assessment of attorney's fees and costs recoverable under 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

---

[1] The Court has reviewed and considered Plaintiff's Reply and Defendants' Sur-Reply, even though both documents were filed without leave of Court, in violation of Local Rule 7.2.

**II. DISCUSSION**

Plaintiff seeks a total of $2,819.80 in costs, $55,360.00 in attorney's fees, and an upward adjustment of attorney's fees in the amount of $27,675.00. In addition, Plaintiff requests $6,000.00 in prejudgment interest on the damage award and postjudgment interest on the judgment to accrue at a rate of 10%. In support of his Motion, Plaintiff submitted an itemized list of hours billed to this case by his attorney, Stephen J. Capron ("Capron"); an itemized list of costs and expenses; the sworn declaration of Capron; and a separate Bill of Costs (Doc. 40). The Judgment explicitly provides that Plaintiff is entitled to recover reasonable attorney's fees and costs. The issue here is whether the amounts claimed by Plaintiff are reasonable. With regard to attorney's fees, Defendants object to the reasonableness of the number of hours expended and the upward adjustment. Defendants also object to the award of prejudgment interest and the amount of costs.

**A. Costs**

Under 28 U.S.C. § 1920, a court may tax certain litigation fees as costs. Pursuant to that statute, the Court awards the following:

| Description | Amount | Authority |
|---|---|---|
| Filing fee | $350.00 | § 1920(1) |
| McLeroy Investigations: service of three summons | $150.00 | § 1920(1) |
| Video tape recording of Defendants' depositions | $500.00 | § 1920(2) |
| Deposition transcripts of three of Defendants' depositions | $968.80 | § 1920(2) |
| Deposition transcript of Plaintiff | $147.00 | § 1920(2) |
| *Total*: | $2,115.80 | |

Plaintiff's Bill of Costs provides that the costs of this litigation total $2,115.80; however, a separate itemized list entitled "Costs and Expenses" (Doc. 40-1) requests an additional $704.00 for Capron's travel expenses. The Court declines to award travel expenses incurred by Capron in litigating this case. Such expenses generally are not recoverable under § 1920, and Plaintiff has

presented no binding or persuasive authority compelling this Court to award such costs. *See Hiegel v. Hill*, 771 F.2d 358, 360 (8th Cir. 1990) (vacating an award of costs in a § 1983 case and noting that an attorney's travel expenses, which are costs above those authorized by § 1920, "should be awarded only sparingly"). The Court addresses Plaintiff's argument that he should be allowed to recover Capron's travel expenses as part of the attorney's fee award under § 1988 below. Accordingly, Plaintiff's total cost award, excluding attorney's fees, is $2,115.80.

**B. Attorney's Fees**

In an action to enforce a provision of § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The starting point for awarding attorney's fees under § 1988 is the time-based lodestar determination, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Hensley*, 416 U.S. at 433. There is a strong presumption that the lodestar method yields a "reasonable" fee. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010).

*1. Hourly Rate*

Plaintiff bases his claim for attorney's fees on Capron's hourly rate of $300.00. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828–29 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)). Plaintiff submitted a declaration from Capron in which he describes his educational background and

prior experience, and avers that $300.00 per hour is his standard hourly rate for civil litigation. Capron also claims his rate is reasonable for attorneys with similar qualifications. However, Plaintiff did not provide any information regarding the prevailing market rate in this community. Considering the foregoing in light of the Court's experience with civil rights litigation and familiarity with the prevailing market rate in the Fort Smith, Arkansas community, the Court concludes that Capron's requested rate is not reasonable. The Court finds that the requested hourly rate is above the prevailing market rate, and a reasonable hourly rate for Capron is $250.00 per hour.

### 2. Hours Expended

Plaintiff contends that he is entitled to recover fees for 185.5 hours[2] of time expended by his attorney in litigating this matter. In their opposition, Defendants argue that the time spent on certain tasks is excessive[3] for a relatively simple case that settled well in advance of the trial date and involved deposing only the four parties. Defendants also assert that Plaintiff is not entitled to an award of attorney's fees for time spent on Plaintiff's participation in a separate legal case, dealing with certain discovery disputes, and preparing the fee petition.

A district court has discretion to determine the number of hours to be awarded to a prevailing party under § 1988. *Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1066 (8th Cir. 1989). In exercising this discretion, the court "should weigh the hours claimed against [the court's] own knowledge, experience, and expertise of the time required to complete similar activities." *Id.*

---

[2] This is the current total based on the entire record in this case. At the time of Plaintiff's initial request, he submitted a total of 184.5 hours. Plaintiff subsequently conceded an error in the original calculation—a duplicate entry of 2.7 hours—but at the same time, asserted entitlement to 3.7 additional hours of compensation for reviewing Defendants' Response and drafting a Reply.

[3] Defendants also objected to certain hours as duplicative; however, Plaintiff conceded that those hours were a duplicate entry.

(quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). Prevailing

parties are not entitled to recover for hours claimed that were not "reasonably expended." *Hollowell*

*v. Gravett*, 723 F. Supp. 107, 108 (E.D. Ark. 1989) (quoting *Hensley*, 461 U.S. at 433). The Court

has thoroughly reviewed the invoice submitted by Plaintiff and other requested fees, and addresses

each of Defendants' arguments below.

Defendants contend that the amount of time spent researching factual issues, interviewing

witnesses, and reviewing medical records is excessive. The Court disagrees. These tasks are not

"trivial" as Defendants suggest; rather, they are essential components of pretrial preparation. The

number of hours requested for these activities is reasonable under the circumstances. Likewise, the

Court finds that 8.5 hours for researching state tort claims and federal claims, 2.5 hours for

reviewing discovery responses, and 3.5 hours for researching a First Amendment claim do not

constitute "excessive hours spent on trivial legal tasks" and are otherwise reasonable.

Defendants maintain that Plaintiff should not receive a fee award for Capron's time driving

to interviews, depositions, and hearings. Plaintiff argues that to the extent Capron's travel expenses

are not recoverable as costs, he should be entitled to recover them as fees under § 1988. In addition

to the $704.00 of travel expenses requested as costs, Plaintiff's invoice seeks $6,000 of fees for 20.0

hours of driving time. A court may reduce fees for an attorney's travel time if full compensation

would be unreasonable under the circumstances of the case. *McDonald v. Armontrout*, 860 F.2d

1456, 1463 (8th Cir. 1988). Review of the billing records indicates that Plaintiff's attorney traveled

to and from Fort Smith, Arkansas, four times during the litigation: once to interview witnesses, once

to attend three depositions and a hearing, once for Plaintiff's deposition, and once for another

hearing and to meet with Plaintiff. The Court declines to find that the hours spent traveling for this

case are excessive; however, the Court does find that the rate charged for this time is unreasonably high.  The Court concludes that full compensation of travel time would be unreasonable based on the circumstances present here and will reduce the billing rate for travel time to fifty percent.  *See McDonald*, 860 F.2d at 1463 (affirming district court's fifty percent reduction of the attorney's hourly rate for travel time).  The Court again declines to award Plaintiff $704.00 in travel expenses. Accordingly, Plaintiff will receive compensation for 20 hours of travel time at a rate of $125.00 per hour, for a total of $2,500.00.

Defendants challenge Plaintiff's request for fees for time expended on various discovery disputes.  According to Defendants, the disputes were necessitated by Plaintiff's refusal to provide discovery and were resolved in favor of Defendants.  As a threshold matter, the Court notes that the parties' repeated failure to settle their discovery issues needlessly consumed this Court's time and the time of Chief U.S. Magistrate Judge Marschewski's court.  The Court analyzed the hours spent by Plaintiff's attorney on discovery matters, and will adjust the request as described below.

Plaintiff requests fees for time spent on researching, drafting, and discussing a Motion to Compel Attendance at Depositions (Doc. 13), which was denied (Doc. 17).  The Court views Plaintiff's Motion to Compel as ill-advised and unnecessary.  The Court cannot find that it was reasonable for Plaintiff's attorney to expend time and resources in filing that Motion, and so discounts the 3.3 hours spent on preparation and filing thereof, and the 0.2 hours spent reviewing this Court's Order.

The next discovery matter at issue is Plaintiff's response to discovery propounded by Defendants.  Defendants challenge Plaintiff's preparation of discovery responses on the ground that Judge Marschewski entered an Order Compelling Discovery (Doc. 24) in which he granted in part

Defendants' first Motion to Compel incomplete responses (Doc. 15).   The Court finds 4.0 hours spent reviewing the file and responding to Defendants' Motion to Compel (Doc. 15) to be excessive, and will award fees for 2.0 hours of this time.  Upon review of Plaintiff's responses and in light of the Court's Order Compelling Discovery, the Court finds 3.9 hours for drafting Plaintiff's responses to discovery requests to be excessive.  While Plaintiff avers that "this discovery was carefully crafted to address all of the details necessary," the Court believes that the Order to compel supplemental answers and Plaintiff's later need to provide corrected information[4] establish otherwise.  The Court will therefore reduce this time to 1.95 hours, and reduces 1.9 hours spent drafting supplemental discovery responses to 0.95 hours.  The Court notes that prior to compelling discovery, Judge Marschewski entered an Order directing the parties to confer in an attempt to get the parties to settle their discovery disputes without further action by the Court. Between the date of Judge Marschewski's Order to confer and the subsequent hearing on Defendants' first Motion to Compel, Plaintiff's attorney spent 5.8 additional hours of time on the same discovery issues.  The Court finds this amount of time excessive under the circumstances and declines to award fees for these hours.

In their last challenge to time spent on discovery disputes, Defendants maintain that Plaintiff should not recover for 4.3 hours spent researching and drafting a response to Defendants' second Motion to Compel (Doc. 31) because Judge Marschewski entered an Order favorable to Defendants after a hearing on the motion.  The Court reduces this time to 2.15 hours, and reduces the 2.0 hours billed for attending the hearing to 1.0 hour, as the motion was resolved in large part in favor of

---

[4] Plaintiff had to provide corrected name and address information for several persons listed as potential witnesses.  Due to Plaintiff providing incorrect address information, it appears Defendants were unable to obtain medical records from several medical care providers.

Defendants. In addition, the Court discounts the 0.1 hours attributed to drafting an email about "persistent failure to verify discovery responses," as the record indicates that Defendants provided verification within a reasonable time of the request, and Plaintiff also initially failed to verify his discovery responses. *See* Doc. 13-4 (email communication from Plaintiff's attorney to Defendants' attorney dated April 10, 2012, stating "I was surprised to look back and see that we, too, had neglected the verification").

Plaintiff requests fees for 4.3 hours for research on fees, costs, and expenses under § 1988, 1.4 hours for drafting the instant Motion for fees, and 3.7 hours for reviewing Defendants' Response and preparing a reply. The Court finds these hours to be excessive under the circumstances. The hourly rate requested by Plaintiff's attorney is based in part on his "great deal of experience working on Civil Rights Act cases." (Doc. 40-2). A lawyer with such extensive experience is presumed to be familiar with the basics of the applicable laws and should not recover for excessive hours spent researching those laws. *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983) ("A fee applicant cannot demand a high hourly rate—which is based on his or her experience, reputation, and a presumed familiarity with the applicable law—and then run up an inordinate amount of time researching that same law."). In addition, Plaintiff's Motion fails to cite any authority from the appropriate circuit court or any district courts within the Eighth Circuit. Therefore, the Court declines to award 4.3 hours of time for researching the fee application, and will reduce the number of hours for drafting the Motion to 0.70 hours and the hours for filing the Reply to 1.85 hours.

Next, the Court declines to award 0.6 hours for time spent reviewing the Local Rules of this Court. While this time is not challenged by Defendants, the Court notes that Plaintiff failed to abide by several of these Local Rules. Many of the discovery disputes and much of the time spent

supplementing discovery responses could have been avoided if Plaintiff had complied with Local Rule 33.1(b), which requires the ground or grounds for objecting to an interrogatory or request for production to be stated with particularity.  Also, Plaintiff filed a Reply (Doc. 42) without seeking leave of Court.  *See* Local Rule 7.2(b) (indicating that the only reply that may be filed without leave of Court is a reply to a response to a motion for summary judgment).

Finally, the Court finds the time spent by Plaintiff's attorney assisting in another attorney's presentation of Plaintiff as a witness in a purportedly related case (the "*Kirby* case") to be excessive or otherwise unnecessary to Plaintiff's case.  Plaintiff has failed to present any evidence that the testimony from the *Kirby* case was actually used in the case at bar or that any other work regarding the *Kirby* case contributed to obtaining the end result here, and instead relies on conclusory assertions in his Response.  *Cf. Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (holding that a court may award fees earned in a separate litigation where plaintiff can prove that the fees "resulted in work product that was actually utilized in the instant litigation, that the time spent on other litigation was 'inextricably linked' to the issues raised in the present litigation, and that plaintiff has not previously been compensated for those fees").  Accordingly, the Court declines to award fees for 7.3 hours of time spent on matters regarding the *Kirby* case.

In sum, Plaintiff requested fees for 185.5 hours of his attorney's time.  Defendants contested much of this time, and contend that Plaintiff should be awarded fees for a maximum of 85–100 hours.  Incorporating the adjustments described above, the Court will award attorney's fees for 133.3 hours of time at a rate of $250.00 per hour and 20.0 hours of travel time at a rate of $125.00 per hour, for a total of $35,875.00.

### 3. *"Upward Adjustment"*

Upward adjustments to an award of attorney's fees should only be made in rare and exceptional cases, and only where the movant has provided specific evidence in support. *Blum v. Stenson*, 465 U.S. 886, 898–902 (1984). Factors already reflected in the initial determination of fees under the lodestar method cannot serve as independent bases for increasing the basic fee award. *Gilbert*, 867 F.2d at 1067. Here, Plaintiff maintains that an upward adjustment of 50% is appropriate because of the "highly undesirable nature of this type of case" and because the case "accomplished a substantial public benefit." The Court finds that this is not a rare and exceptional case that merits an upward adjustment of attorney's fees. Plaintiff has failed to demonstrate either exceptional service performed or that a result of an exceptional nature was obtained. The "undesirable nature" of the case is accounted for in Plaintiff's counsel's hourly rate, and the Court fails to see how a private settlement involving one plaintiff achieved the public benefit claimed by Plaintiff. Moreover, Plaintiff has not provided the Court with any specific evidence of his general assertion that an upward adjustment is warranted here.

### C. Prejudgment and Postjudgment Interest

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, the Court will award postjudgment interest on the full amount of damages from the date of judgment, to accrue at a rate of .15%.

Plaintiff maintains that prejudgment interest should be awarded by statute[5] at a rate of 10% on the damage award. Defendants object to the award of prejudgment interest on the offer of judgment on the ground that the offer was not a liquidated sum until it was extended, and

---

[5] Plaintiff does not specify a specific statutory provision.

prejudgment interest is normally only awarded on liquidated sums that are established at the inception of a lawsuit.   Section 1983 does not expressly provide for an award of prejudgment interest.  A district court has discretion to award prejudgment interest.  *E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318, 334 (8th Cir. 1986).  The Court finds that prejudgment interest is not needed to fully compensate Plaintiff, nor is it justified by considerations of fairness or the remedial purposes of §§ 1983 and 1988.

## III. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Attorney's Fees and Costs (Doc. 39) is GRANTED IN PART, and Plaintiff is awarded attorney's fees in the amount of $35,875.00 and costs in the amount of $2,115.80.  Plaintiff's Motion (Doc. 39) is DENIED to the extent it seeks an upward adjustment of attorney's fees and to the extent it seeks an award of costs and fees in an amount other than $35,875.00 in fees and $2,115.80 in costs.

IT IS FURTHER ORDERED that postjudgment interest is to accrue on the judgment at a rate of .15%.

IT IS SO ORDERED this 26th day of June, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE